IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MOSES MOORE,

                    Plaintiff,

          v.                          CASE NO.    09-3067-SAC

LT. HONEYCUTT,
et al.,

                    Defendants.

                    O R D E R

     This civil rights complaint was filed pursuant to 42 U.S.C. §
1983, by an inmate of the Ellsworth Correctional Facility,
Ellsworth, Kansas (ECF).   Since filing the original complaint,
plaintiff has submitted a document to the clerk stating he wishes to
amend his complaint.   This document was construed and filed as a
Motion to Amend (Doc. 5).   However, an amended complaint may be
filed prior to service on defendants once as a matter of right[1].
See Fed.R.Civ.R. Rule 15.   Since leave of court was not required,
the court will grant the motion.

     Plaintiff sues "Lt. Honeycutt" whom he alleges was employed as
a "PREA Investigator as part of his duties as head of the Hutchinson
Correctional Facility (HCF) Intelligence and Investigations Unit,"

---

     [1]    Unfortunately, plaintiff did not submit an Amended Complaint with his
motion.  Instead, he merely names two new defendants and states the claims against
them in his motion.   A motion to amend a complaint is to be filed as a motion
separate from the proposed amended complaint.   The proposed amended complaint is
to be attached to the motion to amend.  An Amended Complaint completely supercedes
the original complaint, and therefore must contain all claims the plaintiff
intends to pursue in the action including those raised in the original complaint.
Any claims not included in the amended complaint shall not be considered.   Since
plaintiff proceeds pro se, the court treats this document as incorporating rather
than replacing his original complaint.   If plaintiff meant this document to
supercede his original complaint, he should so inform the court.   Any future
amendment will require leave of court and the proposed amended complaint must be
attached to the motion, and submitted on § 1983 forms obtained from the clerk.

and Tommy Williams, whom he claims was his Unit Team Counselor at HCF, at the time his claims arose.  He also sues Sam Cline, Warden HCF, and Roger Werholtz, Secretary of Corrections for the Kansas Department of Corrections (KDOC).

As the factual background for his complaint, Mr. Moore alleges that on December 4, 2007, he was raped by another inmate in the shower area of a living unit at the HCF.  His claim against defendant Williams is based on allegations that in November, 2007, plaintiff reported to Williams that this inmate had "pulled out his penis in (plaintiff's) face," making Williams aware the inmate "posed a substantial risk of sexual harm" to plaintiff and others. He also alleges that defendant Williams was aware of the assailant's "history of sexual assault(s) and/or sexual misconduct(s)," and "could have taken some kind of safety measures" to prevent the rape.

Plaintiff's claim against defendant Honeycutt is based on allegations that once the incident was reported[2], Honeycutt performed an investigation for the facility, and concluded there was insufficient evidence to support plaintiff's claim.  Plaintiff was transferred to ECF for his safety.  In March, 2008, at ECF he filed a "grievance challenging Lt. Honeycutt's ability to make such findings."  Plaintiff claims Honeycutt was not qualified to investigate the rape claim or "make any medical determination" regarding a rape investigation.  In support, he alleges that Honeycutt "never received certification to conduct such investigations" as required by the Prison Rape Elimination Act

---

[2]    In his complaint, Moore states defendant Honeycutt took a report on February 4, 2008, and in responses to his grievances attached as exhibits, it is stated that he reported the rape on February 4, 2008.

(PREA).

Plaintiff's claim against defendant Werholtz is based upon the allegation that Werholtz "concurred with Honeycutt's conclusions" during the grievance process.  Plaintiff's claim against defendant Cline is based upon allegations that "Kline (sic) was aware" that the alleged rapist posed a substantial risk of sexual harm to plaintiff and others due to plaintiff's report of the November incident.

Mr. Moore also claims he spent months in "intensive therapy to treat the emotional trauma resulting from the rape and subsequent investigation of Lt. Honeycutt attacking (his) credibility," and this necessary treatment was delayed due to Honeycutt's conclusions. He alleges that the KDOC has acknowledged his victimization by including him in their victim services program.

Plaintiff asserts that deliberate indifference, reckless disregard, and sexual discrimination by defendants violated his constitutional rights to due process and to be free of cruel and unusual punishment under the Fourteenth and Eighth Amendments.  He seeks a declaration that his constitutional rights were violated, a preliminary and permanent injunction preventing defendants "from future obstruction" of plaintiff's "access to victims services," compensatory and punitive damages, and costs of this suit.


## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty

percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $317.49, and the average monthly balance is $801.62.  The court therefore assesses an initial partial filing fee of $160.00, twenty percent of the average monthly balance, rounded to the lower half dollar[3].  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Moore is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds portions of the complaint are subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was

---

[3]     Pursuant to 28 U.S.C. §1915(b)(1), plaintiff is obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis simply entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff claims that defendant Honeycutt "demonstrated deliberate indifference" by conducting the investigation of the reported rape when he was not qualified, and that his conclusion delayed treatment Moore "sought and needed." However, plaintiff's exhibits attached to his complaint indicate he waited until February 4, 2008, after his transfer to ECF, to report this rape. They also indicate that even though a "PREA investigation" determined "insufficient evidence to substantiate rape," plaintiff is being monitored for separation from the specific inmate he claims raped him and has received victim treatment[4]. Plaintiff's dissatisfaction with defendant Honeycutt's investigation and his belief that the PREA required him to have certain qualifications which he lacked, do not state a claim of federal constitutional violation. Plaintiff exhibits a copy of a letter he received from the KDOC "Public Information Officer" stating that "there is no requirement in the PREA" that investigators be "certified," and that requested investigator training would take place next year. He does not

---

[4]      Where treatment was delayed rather than denied altogether, the Tenth Circuit has required that the inmate suffer "substantial harm" as a result of the delay. <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 (10th Cir. 2001); <u>Olson v. Stotts</u>, 9 F.3d 1475 (10th Cir. 1993).

specify any provision of the PREA as having been violated.  Nor does he show that he has a private right of action based upon an alleged violation of that Act.  The court is aware of no legal authority for plaintiff's claim that he is entitled to monetary and injunctive relief based on the claim that either an investigator was not qualified to investigate a rape or that the investigation was inadequate.   The court concludes that plaintiff's allegations against defendant Honeycutt do not evince deliberate indifference or a violation of the Eighth Amendment.

The court further finds that plaintiff's claims against defendants Werholtz[5] and Cline are subject to being dismissed.  A supervisor's liability may not be predicated solely upon a theory of respondeat superior.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976); <u>Gagan v. Norton</u>, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1183 (1995).  Instead, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996); <u>Olson</u>, 9 F.3d at 1477 (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."

---

[5]     As the basis for his claim against Werholtz, plaintiff alleges that he "knowingly allowed" Honeycutt to "assume responsibility as a PREA investigator" when he was not qualified.   The court's finding that Honeycutt's lack of qualifications states no constitutional claim, defeats this claim as well.

<u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1162 (10th Cir. 2008).  To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation.  <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1528 (10th Cir. 1988). Sufficient facts are not alleged to show that either of these defendants was actually aware that plaintiff was in danger from the alleged rapist.  Nor does plaintiff allege facts showing Werholtz or Cline personally participated in denying plaintiff protection from this inmate prior to the rape.  Plaintiff does not describe any unconstitutional policy or custom that led to this rape.

Plaintiff's claims of a denial of due process and sexual discrimination are not supported by any factual allegations whatsoever, and are subject to being dismissed for that reason. Plaintiff's claim for injunctive relief as to victim services is likewise devoid of factual allegations.

Plaintiff's claim of failure to protect against defendant Tommy Williams is the only one that may require a responsive pleading once plaintiff submits the assessed partial filing fee.  The Supreme Court has made clear that prison officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.  Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.

<u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994)(internal quotation

marks and citations omitted); <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984).  However, it is not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." <u>Farmer</u>, 511 U.S. at 834.  To establish a prison official's liability for failure to protect, a plaintiff must show he was deliberately indifferent to the inmate's safety.  In the objective analysis, a prisoner must show from objective facts that he was "incarcerated under conditions posing a substantial risk of serious harm." <u>Id</u>. at 834.  In the subjective analysis, plaintiff must prove that the defendant had a culpable state of mind, and was not simply negligent.  <u>Id</u>.

Plaintiff shall be given time to show cause why this action should not be dismissed as against all defendants, except defendant Williams, and why all claims, except his failure to protect claim against Williams, should not be dismissed for the reasons stated herein.

Plaintiff has filed a Motion to Appoint Counsel (Doc. 3). There is no right to appointed counsel in a civil case for money damages.  Mr. Moore does not show that he has attempted to obtain the services of private counsel.  The court finds that plaintiff is capable of presenting the facts in support of his claims, and that the appointment of counsel is not necessary, particularly at this early juncture.  Accordingly, it shall deny this motion without prejudice to plaintiff filing a new motion for counsel at a later time.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30)

days in which to submit to the court an initial partial filing fee of $ 160.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must show cause why this action should not be dismissed as against defendants Honeycutt, Werholtz, and Cline; and why all claims, except his failure to protect claim, should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied and plaintiff's Motion to Amend (Doc. 5) is granted.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2009, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge