IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MOSES MOORE,** | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 09-3067-CM-JPO |
| | ) |
| **TOMMY WILLIAMS,** *et al.*, | ) |
|     Defendants. | ) |

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This matter comes before the Court by defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) **(doc. 36)**. Plaintiff is an inmate confined in a Kansas Department of Corrections ("KDOC") facility. This case may call into question information in the possession, custody or control of defendants or KDOC: specifically, information pertaining to the security operations of KDOC correctional facilities, personnel records, documents containing private information about other inmates, and information that discloses confidential sources or intelligence gathering methods ("Confidential Information"). The potential disclosure of such information necessitates a protective order. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information which could improperly annoy, embarrass, or oppress the parties, state corrections employees or state inmates,

IT IS ORDERED:

    1.    This Protective Order shall apply to all Confidential Information contained in documents, materials, and information disclosed in this case pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. Confidential Information that pertains to the security operations of the KDOC, identifies inmates other than Plaintiff, or discloses confidential sources or intelligence gathering methods shall be redacted to protect the security of KDOC correctional facilities, the privacy of other inmates, and confidential sources or intelligence gathering methodology.

3. Documents containing Confidential Information pertaining to personnel records of past or current KDOC employees shall be redacted consistent with K.S.A. 45-221(a). The redaction of any employment information that would not otherwise be redacted for security purposes will be marked "Redaction of Personnel Record."

4. Only the portions of documents constituting Confidential Information will be redacted. Counsel for Defendants will redact Confidential Information based on requests for redaction from the Kansas Department of Corrections. All documents containing Confidential Information will be marked "CONFIDENTIAL, 09-3067."

5. If Plaintiff believes that information has improperly been redacted as Confidential Information, or that such Confidential Information is necessary for the prosecution of his case, he shall notify Defendants' counsel in writing. Within ten (10) days of receiving written notice, the parties must attempt to work out an agreement regarding the confidentiality of the materials. If such an agreement cannot be reached, Plaintiff may file a motion to compel to determine whether redaction of the material was appropriate. The material in question shall be kept confidential pending a final ruling by the court on the motion to compel.

6. If a party wishes to use any Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The party seeking to file a document under seal in this Court must follow the procedures set forth in D. Kan. Rule 5.4.6.

7. Any Confidential Information provided to Plaintiff by Defendants shall not be used other than for this lawsuit, and shall not be made public or otherwise disseminated except as allowed by this Protective Order. Plaintiff is prohibited from disclosing Confidential Information to any individual other than

   a. those individuals affiliated with the Kansas Attorney General's Office who are working on this case;

   b. any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

   c. the court, court personnel or members of the jury; and

   d. other persons by written agreement of the parties.

8. Within 14 days of the completion of the case, Plaintiff will return all documents (including any and all copies made of the documents) covered by this Protective Order to the opposing party's counsel or will certify to opposing counsel that the documents have been destroyed.

9. Nothing in this Protective Order shall allow Defendants to avoid disclosure or discovery of Confidential Information which is otherwise required to be disclosed or is discoverable. This Protective Order simply sets forth the manner in which

Defendants may label and redact Confidential Information that is subject to disclosure or discovery.

IT IS SO ORDERED.

Dated this 23rd day of March, 2010, at Kansas City, Kansas.

/s James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

PREPARED AND SUBMITTED BY:

OFFICE OF ATTORNEY GENERAL
STEVE SIX

 s/ Eric J. Aufdengarten  
Eric J. Aufdengarten #21289  
Assistant Attorney General  
120 SW 10th, 2nd Floor  
Topeka, Kansas 66612  
Phone: 785-368-8424  
Fax: 785-291-3767  
E-mail: eric.aufdengarten@ksag.org  
Attorney for Defendants