IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOSES MOORE,                )
                            )
        Plaintiff, )
                            )
v.                          )
                            )    No. 09-3067-CM
                            )
TOMMY WILLIAMS, et al.,     )
                            )
        Defendants. )
                            )

## MEMORANDUM AND ORDER

Plaintiff Moses Moore is an inmate currently incarcerated at Ellsworth Correctional Facility ("ECF"). He brings this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that defendants' failure to protect him from an attack by another inmate constituted a violation of the Eighth Amendment. On July 29, 2010, defendants Tommy Williams and Sam Cline filed a Motion for Summary Judgment (Doc. 45) and a Memorandum in Support (Doc. 46). Plaintiff failed to file a timely response, and this court issued an order directing plaintiff to show cause, in writing, on or before September 17, 2010, why defendant's motion (Doc. 45) should not be granted pursuant to Rule 7.4 of the Local Rules of Practice.[1] Aside from a letter directed to the undersigned and dated September 15, 2010, plaintiff has failed to respond to this order or to defendants' motion. The court grants defendants' motion for the reasons that follow.

---

[1] Rule 7.4 of the Rules of Practice provides that the "failure to file a brief or response within the time specified within [Rules 6.1 and 7.1(c)] shall constitute the waiver of the right thereafter to file such brief or response, except upon showing of excusable neglect." D. Kan. R. 7.4.

**Factual Background**[2]

This lawsuit concerns events in November 2007 through early February 2008, while plaintiff was an inmate at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. He was transferred to ECF on February 18, 2008, shortly after reporting an alleged sexual assault.

During the relevant time period, defendant Sam Cline was employed as the Warden of HCF, and defendant Tommy Williams was employed as the Unit Team Manager of the East Unit at HCF.

On January 29, 2008, defendant Cline received an anonymous letter accusing inmate Zenon Sixtos of having sex with an unknown person. On January 30, 2008, defendant Williams received an anonymous letter accusing inmate Sixtos of having sex with an unknown person.

Defendant Williams then interviewed inmate Sixtos, who denied that he had been engaging in inappropriate sexual behavior. That same week, plaintiff was in defendant Williams' office regarding a special purchase order for a correspondence course. Plaintiff did not say anything about a sexual assault. Williams had no information that led him to believe plaintiff was a victim of sexual assault by inmate Sixtos.

On February 4, 2008, plaintiff reported through the prison telephone hotline that he had been raped by inmate Sixtos on December 4, 2007. A Prison Rape Elimination Act (PREA) investigation was initiated. However, officers were unable to corroborate plaintiff's claim, and, because of the two-month delay in reporting the assault, were unable to gather any physical evidence.

Nevertheless, plaintiff was placed in administrative segregation for his own protection

---

[2] Plaintiff fails to controvert any facts set out in defendants' motion; the court has reviewed defendants' statement of facts and included only those that are relevant, material, and supported by the record. The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56.

immediately following the receipt of his allegations against inmate Sixtos. And on February 18, 2008, plaintiff was transferred from HCF to ECF.

In his complaint, plaintiff claims that, on two occasions in November of 2007, inmate Sixtos exposed himself to plaintiff. Plaintiff also claims that he had informed defendant Williams of the two incidents in a November 2007 conversation.

Plaintiff admits, however, that he did not request that anything be done regarding inmate Sixtos. He did not ask for Sixtos to be moved, did not ask to be moved himself, did not ask for any kind of protective custody, did not ask defendant Williams to investigate, and did not ask defendant Williams to follow up on anything regarding inmate Sixtos. Nor did plaintiff report the November incidents through the prison telephone hotline. And plaintiff claims that he did not tell anyone except the mental health counselor that inmate Sixtos had been sexually aggressive to him.[3] Plaintiff admits that defendant Williams did not intentionally fail to investigate and did not intend to cause plaintiff any harm. Defendants maintain that they had no knowledge of any threat of harm to plaintiff prior to February 4, 2008, when plaintiff reported that he had been raped.

Plaintiff did not file a grievance regarding requiring protection from another inmate or of a sexual assault by an inmate between November 2007 and January 2008. Nor did plaintiff file a grievance regarding a complaint that defendant Cline or defendant Williams failed to protect him between November 2007 and February 4, 2008. Plaintiff filed a grievance on March 2, 2008, after he was transferred to ECF, relating to the December 4, 2007, rape and plaintiff's disagreement with the investigation.

**Procedural Background**

---

[3] Defendant Williams was not plaintiff's counselor during this time.

-3-

Plaintiff failed to file a timely response to defendants' summary judgment motion, and this court issued an order directing plaintiff to show cause, in writing, on or before September 17, 2010, why defendant's motion should not be granted pursuant to Rule 7.4 of the Local Rules of Practice.

On September 20, 2010, the court received a letter dated September 15, 2010, in which plaintiff voices certain concerns. Relevant to the matter before the court, the letter suggests that plaintiff recently "lost [his] help with this civil case" and is finding it "difficult to correctly represent [him]self." He believes that his pursuing this case may be contributing to the dismissal or replacement of various individuals who have tried to help him. Also, plaintiff expresses concern with the "unexpected" deposition he felt coerced to give, and asserts he "was never notified"; was "left to defend for myself"; and was not allowed to "bring a witness of my own or a paralegal to insure due process was followed." [Sic.] (Doc. 48, at 2.) Ultimately, he states: "I am asking for better assistance from the courts, if at all possible. I need your help!" (Doc. 48, at 2.)

In light of plaintiff's *pro se* status, the court construes plaintiff's letter as a response to the order to show cause. Although he complains of the loss of a legal resource he apparently had access to, he does not request appointment of counsel. And if this court were to construe the letter as a motion for appointment of counsel, it would be denied. Plaintiff's prior request for appointment of counsel was denied, and plaintiff demonstrates no change in circumstances which would justify appointment of counsel at this stage in the litigation. His complaints about his deposition are noted, but do not present a remediable issue for this court. The letter is not responsive to defendants' dispositive motion. Plaintiff has had ample opportunity to respond to the merits of defendants' motion, and has not done so. The court therefore considers defendants' motion without the benefit of plaintiff's response.

**Standard**

-4-

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**Discussion**

The court concludes that there is no genuine issue as to any material fact in this case. And on the uncontroverted facts, defendants are entitled to judgment as a matter of law. Section 1983 claims for damages against defendants in their official capacities are barred by the Eleventh Amendment. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted) (explaining that a state official sued in his or her "official capacity" is generally entitled to assert the same immunities as the governmental entity for which he or she works).

Assuming without deciding that plaintiff properly exhausted administrative remedies as a prerequisite to this suit, *see* 42 U.S.C. § 1997e *et seq.* (stating "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"), his Eighth Amendment failure-to-protect claim against defendants in their individual capacities fails as a matter of law on the uncontroverted facts.

Although prison officials have a duty to protect prisoners from violence at the hands of other prisoners, such officials are not constitutionally liable for every injury suffered by one inmate at the hands of another. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). A prison official is only liable

when the inmate shows (1) "he is incarcerated under conditions posing a substantial risk of serious harm" and (2) the official is deliberately indifferent to the prisoner's health or safety. *Id*. at 834; *see also Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).

Plaintiff fails to show that defendant Cline was deliberately indifferent to his safety at the time of the December 4, 2007 sexual assault. It is undisputed that defendant Cline had no knowledge of any threat of harm to plaintiff prior to February 4, 2008.

Even presuming plaintiff did mention the two November incidents in conversation with defendant Williams, the conversation as described by plaintiff did not contain enough facts to support an inference that plaintiff was facing a "substantial risk of serious harm." 511 U.S. at 834. In his complaint, plaintiff alleges only that he told defendant Williams that inmate Sixtos "pulled his penis out in my face." (Doc. 1-1, at 7.) In his deposition, plaintiff recounted that he told defendant Williams that the East Unit was "fine." He told defendant Williams that he simply got up and left the room both times inmate Sixtos exposed himself. Most importantly, plaintiff did not ask for protection from inmate Sixtos or any other person. The facts, taken in the light most favorable to plaintiff, fail to establish that defendant Williams knew plaintiff was facing a substantial risk of serious harm. The court concludes that defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 45) is granted. The action is dismissed.

Dated this 29th day of September 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**