# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MOSES MOORE, )
)
        Plaintiff, )
)
v. )
) No. 09-3067-CM
)
TOMMY WILLIAMS, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Moses Moore is an inmate currently incarcerated at Ellsworth Correctional Facility ("ECF"). He brought this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that defendants' failure to protect him from an attack by another inmate constituted a violation of the Eighth Amendment. Plaintiff failed to timely respond to defendants Tommy Williams and Sam Cline's Motion for Summary Judgment (Doc. 45), and this court issued an order directing plaintiff to show cause, in writing, by September 17, 2010, why defendants' motion should not be granted pursuant to Rule 7.4 of the local rules. Aside from a letter directed to the undersigned and dated September 15, 2010, plaintiff failed to respond to this order or to defendants' motion.

On September 29, 2010, the court issued a Memorandum and Order granting defendants' motion (Doc. 49). Judgment was entered that day, and a copy of the Memorandum and Order was sent to defendant by regular mail. Although deadlines had long passed and the case was closed, a "Response Brief in Opposition to Summary Judgment Motion," with a notary date of September 15, 2010, was filed on October 18, 2010. (Doc. 51). Then, on December 22, 2010, the clerk of the court received a note dated December 16, 2010, from plaintiff, indicating plaintiff had filed a motion for

reconsideration on October 14, 2010, and requesting information on the status of the motion and his case. This court had not received any such motion, but directed plaintiff be permitted to file his motion for reconsideration out of time.

On January 5, 2011, plaintiff filed the instant Motion for Reconsideration of Judgment (Doc. 54). When no response was received, the court issued an order requiring defendants to show cause why the motion for reconsideration should not be granted, and directing defendants to respond to plaintiff's untimely received response to summary judgment. Defendants have responded to the show cause order (Doc. 56) and have filed a reply to plaintiff's untimely response to summary judgment (Doc. 57.) The court has considered plaintiff's motion to reconsider, as well as the response in opposition to summary judgment that the court untimely received. The court has also considered defendants' response to the show cause order and reply in support of their motion for summary judgment. For the following reasons, the court affirms the judgment.

**Standard**

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted). Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants*

*of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

**Discussion**

This lawsuit concerned events in November 2007 through early February 2008, while plaintiff was an inmate at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. He was transferred to ECF on February 18, 2008, shortly after reporting an alleged sexual assault. The factual background is set out in detail in this court's Memorandum and Order dated September 29, 2010, and need not be repeated.

Plaintiff claims, in his motion for reconsideration, that his *pro se* status has made him vulnerable to institutional abuses; that his due process rights have been denied by the failure of the ECF facility to "properly mail and deliver his 'legal mail'"; and that he believes this was "an intentional act of sabotage by this administration to obtain the desired relief of this action." (Doc. 54, at 2.) He requests relief in the form of an immediate reversal and reconsideration of the judgment in this case. He also requests that the court order an investigation be conducted "on the obvious sabotage of the plaintiff's legal response to this court" and that an appropriate sanction be imposed. (Doc. 54, at 2.)

In light of plaintiff's *pro se* status, the court liberally construes plaintiff's filings. His

complaints, particularly about the inexplicable problems with the mails, are noted. There certainly appears to have been an inordinate number of mailing delays or failures in this case. The court expresses its concern if, indeed, there are institutional policies that are interfering with the ability of inmates to timely respond to matters pending in their cases, or which otherwise affect their ability to be involved in their cases. However, these concerns do not present a remediable issue for this court in the context of the instant motion; the arguments are tangential to the merits of the action, and the instant motion fails to address the legal standard for reconsideration, or set forth valid arguments for reconsideration.

That being said, the court has also reviewed plaintiff's Response in Opposition to Summary Judgment, which was filed after the case was closed. In it, plaintiff fails to offer evidence that would controvert the defendants' statements of fact. He argues that (1) defendants are not immune—which the court had assumed without deciding, to the extent they were charged in their individual capacities; (2) plaintiff did exhaust his administrative remedies—which the court assumed without deciding; and (3) defendants Cline and Williams were, in fact, aware of plaintiff's safety and security concerns prior to the assault. He also argues that his deposition was obtained in denial of his due process rights. Although he offers nothing more than conclusory statements to support these arguments, plaintiff requests that the court grant plaintiff more time, pursuant to "Rule 56(f)," (now Rule 56(d)) to secure affidavits and other documentation necessary to support his contention that Cline and Williams were aware of the security concerns prior to the assault.

In granting judgment for defendants in its September 29, 2010 Memorandum and Order, this court evaluated all evidence in the light most favorable to plaintiff as required by Rule 56. Admittedly, it did so without the benefit of plaintiff's response. It appears that this court misapprehended plaintiff's legal position, which is that plaintiff had "not had the opportunity to

properly use the evidentiary process to establish and obtain particular affidavits from witnesses that will affirm the allegations of the complaint." (Doc. 51, at 2.) And it appears, due to the apparent issues with the mails, that this court's misapprehension concerning plaintiff's position was not attributable to plaintiff.

Although the motion for reconsideration itself does not set out allegations that would necessitate reconsideration, the court has reviewed plaintiff's late-filed opposition to defendants' summary judgment motion, and defendants' reply. Nothing in those documents leads the court to believe that summary judgment was not appropriately granted to defendants. In other words, granting the motion for reconsideration, setting aside the judgment, and reconsidering the motion for summary judgment with the benefit of full briefing leads the court to the same outcome in this case.

The court finds that plaintiff is not entitled to additional discovery. The pretrial order in this case, entered July 20, 2010, specified that discovery had closed. At no time prior to his untimely response did plaintiff request additional time for discovery. Nor does he submit an affidavit or declaration to support his statement, as required by Rule 56(d). He fails to identify any specific reasons that he was unable to obtain essential information or what that information consists of. Rule 56(d) was not designed to allow a party—after ample opportunity to conduct discovery—to postpone resolution of its case or reopen discovery at a late stage in the litigation based on vague and conclusory allegations. And plaintiff's arguments concerning his deposition are equally unavailing; there is no evidence to suggest that the deposition was involuntary. The court finds that it was properly offered and considered as an exhibit in support of defendants' motion for summary judgment.

At this point, plaintiff is not entitled to an opportunity, under now-Rule 56(d), to gather specific affidavits or declarations to justify his opposition. And, in reconsidering its grant of

summary judgment for defendants, the court finds no clear error to correct, nor does it find that reconsideration is required to prevent manifest injustice. *See Marx*, 869 F. Supp. at 897. The judgment is affirmed.

**IT IS THEREFORE ORDERED** that, after consideration, plaintiff's Motion for Reconsideration of Judgment (Doc. 54) is granted, but the judgment is affirmed. This case remains closed.

Dated this 15th day of February 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**