IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOSES MOORE,                          )
                                      )
        Plaintiff,              )
                                      )
v.                                    )
                                      )    No. 09-3067-CM
                                      )
TOMMY WILLIAMS, et al.,               )
                                      )
        Defendants.             )
                                      )

## MEMORANDUM AND ORDER

    This case is before the court on plaintiff Moses Moore's Motion for Relief (Doc. 64). Plaintiff brought this action in March of 2009 *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that defendants' failure to protect him from an attack by another inmate constituted a violation of the Eighth Amendment. This lawsuit concerned events in November 2007 through early February 2008, while plaintiff was an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas. He was transferred to a different facility on February 18, 2008, shortly after reporting an alleged sexual assault. The factual background is set out in detail in this court's Memorandum and Order dated September 29, 2010, and need not be repeated.

    By way of procedural background, plaintiff had failed to timely respond to defendants Tommy Williams and Sam Cline's Motion for Summary Judgment (Doc. 45), and this court issued an order directing plaintiff to show cause, in writing, by September 17, 2010, why defendants' motion should not be granted pursuant to Rule 7.4 of the local rules. Aside from a letter directed to the undersigned and dated September 15, 2010, plaintiff failed to respond to this order or to

defendants' motion.

On September 29, 2010, the court issued a Memorandum and Order granting defendants' motion (Doc. 49). Judgment was entered that day, and a copy of the Memorandum and Order was sent to defendant by regular mail. Although deadlines had long passed and the case was closed, a "Response Brief in Opposition to Summary Judgment Motion," with a notary date of September 15, 2010, was filed on October 18, 2010. (Doc. 51). Then, on December 22, 2010, the clerk of the court received a note dated December 16, 2010, from plaintiff, indicating plaintiff had filed a motion for reconsideration on October 14, 2010, and requesting information on the status of the motion and his case. This court had not received any such motion, but directed plaintiff be permitted to file his motion for reconsideration out of time. He did so (Doc. 54), and the court directed defendants to respond and to show cause why the motion for reconsideration should not be granted. In an order dated February 15, 2011, the court affirmed the judgment.

Now, over a year later, plaintiff again asks the court to set aside the judgment pursuant to Rule 60(b)(2) in light of "newly discovered evidence." He offers the affidavits of an Officer Robinson (the significance of the affidavit is unclear); inmate Keith Menefee (who states he is "familiar" with the sexual assault, and with the investigation, which he says was improper); and Lacy Randal (who states that he witnessed plaintiff's rape). (Doc. 64 at 4, 5, 6.) Plaintiff suggests that he could not have produced these affidavits sooner, despite his diligence, because: (1) he was in administrative segregation, and therefore segregated from the eyewitnesses he needed to prove his allegation; (2) he was then transferred; (3) KDOC manipulated the situation and ignored plaintiff's allegations because, if proved true, KDOC employees would lose their jobs; and (4) plaintiff's fear of retaliation hindered his reporting the rape sooner. (*See* Doc. 64 at 2.)

In light of plaintiff's *pro se* status, the court liberally construes plaintiff's filings. But the motion is untimely, and plaintiff is not entitled to a third attempt: plaintiff has failed to identify new evidence that was previously unavailable, or that would change the outcome of this action. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The court previously ruled that plaintiff is not entitled to an opportunity, under now-Rule 56(d), to gather specific affidavits or declarations to justify his contention that defendants Cline and Williams were aware of the security concerns prior to the assault. The pretrial order in this case, entered July 20, 2010, specified that discovery had closed. At no time prior to his untimely response did plaintiff request additional time for discovery. Nor did he submit an affidavit or declaration to support his statement, as required by Rule 56(d). The reasons he identifies for his inability to obtain this information earlier are conclusory and unconvincing. Rule 56(d) was not designed to allow a party—after ample opportunity to conduct discovery—to postpone resolution of its case or reopen discovery at a late stage in the litigation based on vague and conclusory allegations.

And under Rule 60(b)(2), a party may be relieved from a final judgment or order based on newly discovered evidence only if the following five requirements are satisfied: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) a new trial with the newly discovered evidence would probably produce a different result. *Zurich N. Am. v. Matrix Srv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005). Even assuming that this is "new evidence," it does not entitle plaintiff to relief from the court's judgment, as set out in its September 29, 2010 Memorandum and Order granting summary judgment in favor of defendants. Plaintiff fails to explain how this "new evidence" is material or would have produced a different outcome with respect to the court's determination that defendant

-3-

Cline was not, on undisputed facts, deliberately indifferent to plaintiff's safety at the time of the December 4, 2007 sexual assault.  It is undisputed that defendant Cline had no knowledge of any threat of harm to plaintiff prior to February 4, 2008.  Plaintiff also fails to explain how the evidence establishes that defendant Williams knew plaintiff was facing a substantial risk of serious harm. Plaintiff's current motion is denied.

The court cautions plaintiff that filing additional motions in this long-closed case could result in sanctions or restrictions on future filings.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Relief (Doc. 64) is denied. This case remains closed.

Dated this 27th day of March 2012, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**